IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **APICHAYA RAKTABUTR,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-25-0425 |
| **T-MOBILE,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Apichaya Raktabutr, who is self-represented, filed this lawsuit against T-Mobile asking for Plaintiff's cell phone, which has been turned off for non-payment, to be unlocked. The Clerk's Office sent a deficiency notice to Plaintiff noting that the Clerk had not received the required filing fee nor a petition to proceed *in forma pauperis*. Plaintiff filed a motion for leave to proceed *in forma pauperis*, ECF 4, and a supplement to the complaint, ECF 5, prior to the deadline. However, this Court's initial review of the Complaint and those materials reflects that this Court lacks subject matter jurisdiction over this case.. Plaintiff's motion to proceed *in forma pauperis* must be denied, and the Complaint must be dismissed.

The following facts are derived from Plaintiff's Complaint, which alleges that both Plaintiff and T-Mobile are residents of Maryland. ECF 1 at 3-4. Plaintiff bought a phone and plan from T-Mobile in December, 2022 and has made all required payments through November, 2024. *Id.* at 4. Plaintiff alleges that in May, 2023, T-Mobile claimed non-payment and turned off the phone service in July, 2023. *Id.* Plaintiff asks this Court to order T-Mobile to unlock the phone. *Id.*

Because Plaintiff is self-represented, all of Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S.


89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Federal courts are courts of limited jurisdiction and are only permitted to hear cases under particularized circumstances. First, federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds… $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Here, Plaintiff is a Maryland citizen and alleges that T-Mobile is also a Maryland citizen. While this Court believes T-Mobile may in fact be headquartered out-of-state,

2

it is apparent that the amount in controversy here does not approach the $75,000 requirement for jurisdiction in federal court. Therefore, this Court cannot exercise diversity jurisdiction.

The other option is federal question jurisdiction. However, Plaintiff's claims regarding the phone contract are not brought under the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. This Court therefore lacks subject matter jurisdiction to hear Plaintiff's claims, which must be filed in state court.

For the reasons set forth above, Plaintiff's Complaint will be dismissed without prejudice for lack of subject matter jurisdiction and this case will be closed. A separate Order follows.

Dated: February 27, 2025                              /s/
                                              Stephanie A. Gallagher
                                              United States District Judge